# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL NO. 3:06-CV-150-W

| | |
|---|---|
| IN RE: )<br>GERMAINE NICKLES HOWARD, )<br>)<br>Debtor. )<br>_____ )<br>)<br>VICTOR HOWARD, )<br>)<br>Appellant, )<br>)<br>vs. )<br>)<br>LIBERTY SAVINGS BANK, FSB, )<br>)<br>Appellee. )<br>_____ ) | ORDER |

THIS MATTER comes now before the Court on appeal from an Order of the United States Bankruptcy Court for the Western District of North Carolina, Judge George R. Hodges presiding, denying Mr. Howard's *pro se* motion for reconsideration of an Order granting Liberty Savings Bank relief from the automatic stay then in effect pursuant to 11 U.S.C. § 362. Following the bankruptcy court's decision, and prior to Howard's appeal ripening, Liberty Savings Bank ("Liberty") resumed a state court foreclosure proceeding which had been stayed due to the filing of the bankruptcy petition and successfully prosecuted a foreclosure on a deed of trust to Howard's property. The Court also takes judicial notice of county land records indicating that the property in question has since been re-conveyed to a third-party purchaser for value.

Given these facts, the Court is persuaded by Liberty's argument that the appeal must be dismissed as moot. Black's Law Dictionary defines a moot case as "[a] matter in which a

controversy no longer exists; a case that presents only an abstract question that does not arise from existing facts or rights." Here, the state court foreclosure sale divested all relevant parties of title to the property in question; accordingly, even if the Court were to agree that the bankruptcy court erred in granting Liberty's motion for relief from the automatic stay, effective judicial relief is no longer available to Howard, as the sale cannot now be undone. See In re March, 988 F.2d 498, 499 (4th Cir. 1993); In re Lashley, 825 F.2d 362, 364 (11th Cir.1987) ("When a debtor does not obtain a stay pending appeal of a bankruptcy court order setting aside an automatic stay and allowing a creditor to foreclose on property the subsequent foreclosure renders moot any appeal.").

Howard's brief on appeal indicates that he seeks substantial relief other than simply appellate review of the bankruptcy court's Order, such as: relief from judgment in prior litigation between the parties, damages for breach of a settlement agreement settling that prior litigation, and relief from the state court judgment confirming the foreclosure sale, all based on allegations of fraud. While the Court expresses no opinion on the merits of these claims, they are clearly beyond the scope of an appellate proceeding (which is limited to review of the Order appealed from) and accordingly must be prosecuted, if at all, in separate litigation. Cf. In re Conner Home Sales Corp., 190 B.R. 255, 257 (E.D.N.C. 1995).

For the reasons set forth above, the appeal in this matter is DISMISSED.

Signed: November 7, 2006

Frank D. Whitney
United States District Judge